IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Albert Wayne Tasker** | ) |
| **7603 Northwood Estates Court** | ) |
| **Sevrin, Maryland 21144** | ) |
| | ) |
| | ) |
| **Plaintiff** | ) |
| v. | ) |
| | ) |
| **THE ARCHITECT OF THE** | ) |
| **CAPITOL** | ) |
| **U.S. Capitol Building** | ) |
| **Washington D.C.** | |
| **Defendant** | |

## ORIGINAL COMPLAINT (TRIAL BY JURY REQUESTED)

For his Complaint against the Defendant Architect of the Capitol Plaintiff Albert (Wayne) Tasker, by and through his undersigned attorneys, avers the following, based on information and belief and/or the Plaintiff's personal knowledge.

## JURISDICTION

1. Plaintiff invokes the jurisdiction of this Court pursuant to The Congressional Accountability Act of 1995 (2 U.S.C. §1408 (a)), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

2. This is an action authorized and instituted pursuant to The Congressional Accountability Act, (2 U.S.C. 1301 et seq.), Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. sections 2000e, et seq.), and the common law.

3. The unlawful employment practices alleged in this complaint were committed in the District of Columbia.

4. The Plaintiff is African American and a resident of the State of Maryland.

5. The Defendant, the Plaintiff's current employer, is a Congressional Agency located in the District of Columbia.

6. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action. The Plaintiff filed timely Requests for Counseling before the Office of Compliance raising the violations of the Congressional Accountability Act complained of here. The Plaintiff participated in the Office of Compliance Counseling and Mediation sessions; and the Plaintiff files this complaint after the expiration of 30-days, and before the expiration of 90-days, following the receipt of the notices of the termination of mediation.

## BACKGROUND FACTS

7. Mr. Tasker reasserts and reavers each of the above paragraphs as if they were specifically restated here.

8. Mr. Tasker is and has been, for all times relevant to this Complaint, a High Voltage Electrician, WG-2810-11, within the Electrical Engineering Branch of the Architect of the Capitol (AOC).

9. On April 4, 2005 Mr. Tasker filed a Formal Request for Counseling with the Office of Compliance, in accordance with 2 U.S.C. § 1402 (a) in order to address the practice of assigning more overtime work to White High Voltage Electricians as compared to the Black High Voltage Electricians. The most recent such event prior to the time Mr. Tasker filed his request for counseling occurred on or about March 19, 2005 when the High Voltage Electrician Supervisor, Rick Crupi, told Mr. Tasker that the overtime work for the weekend was cancelled, when the overtime work had not been cancelled and two White employees actually worked the overtime period.

10. Since overtime work is paid at 150% of an employee's standard rate of pay, the discriminatory assignment of overtime work results in great economic damages to the Black employees who are assigned less overtime pay than their White colleagues.

11. Mr. Tasker's claim related to the discriminatory assignment of overtime was assigned Case No. 05-AC-27 by the Office of Compliance ("the Overtime Complaint").

12. On the morning of August 2, 2005, Joe Houghton instructed all of the Electricians to empty the trucks they had used the day before going out to perform their assigned tasks. Mr. Tasker complied with this instruction and cleaned the truck that he had used the previous day, before taking a different vehicle (a bucket truck) out with his assigned partner, Scott Hensley, to perform the day's work. At some point during the day, Mr. Houghton called Mr. Hensley off the project with Mr. Tasker in order to assist with another project. Mr. Hensley returned some time later (in a the Shop Van) and instructed Mr. Tasker that they had been instructed to clean the bucket truck out because it had not been cleaned that morning. Because Mr. Tasker needed to finish cleaning the worksite, and because cleaning the bucket truck was a one-man job, Mr. Tasked asked Mr. Hensley if he would empty the bucket truck while Mr. Tasker and the summer intern finished cleaning the worksite. Instead of doing this, Mr. Hensley took the shop van and left the work site.

13. When Mr. Tasker returned to the shop after completing the assigned task and cleaning the work area, Mr. Houghton asked Mr. Tasker to assist Mr. Hensley in emptying the bucket truck. Mr. Tasker indicated that he would prefer not to work with Mr. Hensley for a variety of reasons, but that he would empty the trash alone. Mr. Houghton insisted that Mr. Tasker work with Mr. Hensley to empty the trash. Mr.

Tasker suggested that he work with Berry Russum, who had admitted to leaving the trash in the bucket truck in the first place. This was apparently acceptable to Mr. Houghton, and Mr. Tasker and Mr. Russum performed the one-man task of emptying Mr. Russum's trash from the bucket truck.

14. On August 3, 2005 (the day of the mediation in Mr. Tasker's overtime complaint case) all electricians with the exception of Mr. Tasker and Mr. Cory Howell (a White Electrician who is friendly to Mr. Tasker) were called to a meeting in the office shared by Mr. Houghton and Mr. Crupi. After the meeting, several Electricians provided statements that accused Mr. Tasker of becoming violent during the incident on the previous day.

15. On August 4, 2005, Mr. Tasker was given a letter, authored by Rebecca Tiscione, the Director of Human Resources, dated August 3, 2005, which placed him on indefinite Administrative Leave. The letter did not explain why Mr. Tasker was placed on leave.

16. By letter dated September 22, 2005, High Voltage Electrician Supervisor Rick Crupi proposed Mr. Tasker's termination for "demonstrating insubordinate behavior and willful disobedience of a supervisor's orders, and exhibiting intimidating and threatening behavior in the work place." Mr. Tasker was kept on Administrative Leave pending the decision on the proposed termination.

17. Mr. Tasker responded to the proposed termination on October 7, 2005, and on October 19, 2005, Mr. Tasker filed a Request for Counseling alleging that the disciplinary action taken against him was motivated by racial and retaliatory animus.

4

The Office of Compliance assigned this complaint Case No. 06-AC-09 ("the Disciplinary Complaint").

18. Between September 22, 2005 and May 10, 2006, approximately six months, Mr. Tasker was kept in fear of termination.

19. By letter dated May 10, 2006, the Director of Engineering, Scott Birkhead, withdrew the proposed termination, while at the same time reprimanding Mr. Tasker for "inappropriate and unacceptable conduct" and warning him that, "threatening behavior is not tolerated in our workplace." While Mr. Birkhead indicated "the proposed disciplinary action is hereby withdrawn," he also wrote "Based on the information I have obtained, however, I am proposing that you be temporarily detailed to another branch in the Division."

20. Mr. Tasker has been denied any opportunity for overtime pay since the initiation f disciplinary actions against him on or aout August 4, 2005, the date he was placed on administrative leave in conjunction with the Defendant's effort to terminate him from employment.

## COUNT I: DISCRIMINATION BASED ON RACE

21. Mr. Tasker repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

22. The practice of assigning overtime work to White employees instead of Black employees and the decision to discipline and propose Mr. Tasker's termination was motivated because of Mr. Tasker's race in violation of Title VII of the Civil Rights Act of 1964 and the Congressional Accountability Act.

23. As a result of the discriminatory conduct described above, Mr. Tasker has suffered economic damages in the form of lost income, benefits and retirement contributions, in addition to emotional pain and suffering.

## COUNT II: RETALIATION

24. Mr. Tasker repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

25. The decision to discipline Mr. Tasker, and all actions resulting from that decision, was additionally motivated by a desire to retaliate against him, in violation of Title VII of the Civil Rights Act of 1964 and the Congressional Accountability Act, for his prior protected activity, namely complaining about discriminatory terms and conditions of employment at the Office of Compliance.

26. As a result of the retaliatory conduct described above, Mr. Tasker has suffered economic damages in the form of lost income, benefits and retirement contributions, in addition to emotional pain and suffering.


WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this complaint are unlawful in that they violate the Congressional Accountability Act and the Civil Rights statutes made applicable to the Architect of the Capitol therein; (ii) permanently enjoin the defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Congressional Accountability Act; (iii) order the defendant to make the plaintiff whole by granting full back pay, front pay, and reimbursement for other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial; (iv)

order that the defendant pay plaintiff compensatory damages in an amount to be determined at trial; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the defendant to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the defendant to pay plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and (vii) grant such other and further relief to the plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

        Respectfully Submitted,
        ALDERMAN, DEVORSETZ & HORA, PLLC


        _____
        Leslie D. Alderman III (D.C. # 477750)
        1025 Connecticut Ave., NW
        Suite 615
        Washington, DC 20036
        Tel: 202-969-8220
        Direct: 202-652-2451
        Fax: 202-969-8224
        lalderman@adhlawfirm.com
        Attorneys for the Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS
Albert Wayne Tasker

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Leslie D. Alderman III
Alderman, Devorsetz & Hora, PLLC
1025 Connecticut Ave., NW Suite 615
Washington, D.C. 20036
202-969-8220 (o)
202-652-2451 (direct)

## DEFENDANTS
The Architect of the Capitol

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01207
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/5/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Denied Overtime and Discipline based on Discrimination (race) and Retaliation.   42 USC 2000

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ TBD   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 7/4/07   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.