IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALBERT WAYNE TASKER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**THE ARCHITECT OF THE CAPITOL,** )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.: 07-1207 (CKK) |

## ANSWER

Defendant, Stephen T. Ayers, in his official capacity as acting Architect of the Capitol ("Defendant" or "the Agency"), through the undersigned counsel, hereby answers the Complaint filed in the above-styled action.

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2. This paragraph consists of plaintiff's characterization of his legal causes of action, a legal conclusion to which no response is required.

3. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

## Background Facts

7. Defendant incorporates by reference all the responses to the preceding paragraphs as if specifically restated here.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant admits that plaintiff filed a request for counseling regarding alleged differences in overtime work assignments given to plaintiff. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Defendant admits that the overtime rate is 1.5 times or 150% of the base pay which results in a 50% overtime payment. The remaining allegations contained in paragraph 10 are conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant is without information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint, and therefore denies such allegations.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

### Count I: Discrimination Based on Race

21. Defendant incorporates by reference all the responses to the preceding paragraphs as if specifically restated here.

22. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

23. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

### Count II: Retaliation

24. Defendant incorporates by reference all the responses to the preceding paragraphs as if specifically restated here.

25. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

26. This paragraph contains conclusions of law, not averments of fact, to which no response is required; to the extent a response is required, denied.

The remainder of the Complaint consists of plaintiff's prayer for relief to which no response is required. To the extent a response is required, defendant states that plaintiff is not entitled to the relief requested or to any relief whatsoever. Defendant further avers that any award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by 42 U.S.C. § 1981a, that exemplary damages may not be awarded in this action, and that equitable relief and damages would be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

All allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to comply with the requirements of the Congressional Accountability Act ("CAA"), 2 U.S.C. § 1301, et seq., the applicable regulations issued by the Office of Compliance or regulations made applicable under the CAA.

### THIRD DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH DEFENSE

Defendant's actions were taken for legitimate, non-discriminatory reasons and defendant would have taken such actions even in the absence of any allegations made by plaintiff.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by equitable estoppel.

### SIXTH DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

**WHEREFORE**, Defendant requests that the Court dismiss the Complaint and award Defendant such other relief as the Court may deem appropriate, including costs.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610

        United States Attorney

          /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

          /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139

        COUNSEL FOR DEFENDANT

Of Counsel:

Edgard Martinez
Counsel
The Architect of the Capitol