IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT WAYNE TASKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1205 (CKK) |
| ) | |
| THE ARCHITECT OF THE CAPITOL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## VOLUNTARY STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The parties to this action, Albert Wayne Tasker ("Plaintiff") and the Architect of the Capitol ("Defendant") (collectively, the "Parties"), hereby enter into the following Voluntary Stipulation of Settlement and Order of Dismissal ("Stipulation"). In order to resolve the matters in dispute in the above-styled action without further expense or delay, the Parties unconditionally agree to the following terms:

1. Plaintiff and Defendant enter into this Stipulation in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised against the Defendant in this litigation. Plaintiff agrees to accept the terms set forth herein in full satisfaction and settlement of any and all claims, demands, rights and causes of action of any nature based upon, arising from, or related to Plaintiff's employment with Defendant, including but not limited to any and all claims Plaintiff asserted or could have asserted in the above-styled action against the Defendant, based upon acts or events occurring up to the date this Stipulation is filed with the Court.

2. Pursuant to Sections 414 and 415 of the Congressional Accountability Act, 2 U.S.C.

§§ 1414-1415, and upon formal approval by the ███████████████████ Office of Compliance Executive Director, 2 U.S.C. § 1415, the Defendant shall, subject to the conditions and limitations set forth herein complete the following actions:

    a.    Pay the gross amount of two-hundred thousand dollars ($200,000.00), by lump sum payment, without deduction, withholding, or setoff, inclusive of all attorney's fees, in full and final settlement of the above-styled action and any and all claims that could or should have brought as of the date of the filing of this Stipulation by the Court. The payment of the foregoing sum shall be made by wire transfer or check payable to the Alderman and Devorsetz, PLLC, client trust account, in accordance with information that will be provided by Plaintiff's counsel contemporaneously with the execution of this Stipulation. The Parties understand that the government will not be responsible for the payment of taxes on the amounts paid to Plaintiff and/or his counsel under this agreement.

    b.    In addition to the payment specified in paragraph 2(a), Defendant will retroactively increase plaintiff's pay from a salary of $60,481.00 to a salary of $85,358.00 effective October 14, 2007. This retroactive pay increase will entitle Plaintiff to receive the retirement that he would have received if he had retired effective September 24, 2010, with an estimated monthly gross retirement annuity of $3637.00. Plaintiff will receive a check representing the back pay arising from the retroactive pay increase. Plaintiff will receive all back pay as if he had performed in a fully successful manner from the effective date of the retroactive pay increase. In regards to Plaintiff's thrift savings plan(s) (TSP) account, Defendant shall deduct the appropriate contributions to be made to Plaintiff's TSP

2

account necessitated as a result of plaintiff's retroactive pay increase, and shall cooperate with the Federal Retirement Thrift Investment Board consistent with 5 C.F.R. 1605.1(b) associated with Plaintiff's TSP account as determined by the TSP.

 c. The back pay check referenced in paragraph 2(b) will be made payable to Plaintiff and will be delivered to him within sixty (60) days after the Court's entry of this Agreement. Defendant guarantees that Plaintiff will receive a minimum of $20,000.00 in backpay, prior to any deductions or withholdings. If Plaintiff's backpay check does not amount to at least $20,000.00 prior to any deductions or withholdings, Defendant agrees to pay Plaintiff the difference between Plaintiff's net backpay check and $20,000.00. Plaintiff or counsel for plaintiff shall notify counsel for defendant within ten (10) calendar days of the receipt of his back pay check of any additional amounts he claims is owed to him in writing.

 d. Pursuant to this Agreement, Mr. Tasker will retire from the agency. The effective date of Mr. Tasker's retirement will be the first business day following the date that this Stipulation filed with the Court. Beginning June 30, 2008, Mr. Tasker was placed on administrative leave extending until the date of his retirement. Within three business days after this agreement is filed with the Court, Mr. Tasker agrees to complete the necessary paperwork to effectuate his retirement.

3. This Stipulation shall represent the full and complete satisfaction of all Plaintiff's claims arising from the allegations set forth in the complaint filed in the above-styled action, including (but not limited to) all claims of violations of the Congressional Accountability Act and Title VII of the 1964 Civil Rights Act, as amended, and all claims for damages or equitable

3

relief. The settlement also includes, without limitation, full and complete satisfaction of all of Plaintiff's claims for compensatory damages, costs, attorney's fees, and interest or other compensation.

4. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or unasserted, against the Defendant and/or its agents, servants or employees, that arose as a result of Plaintiff's employment or other contacts with the Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. Such waived, released, discharged, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaints filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events involved in said litigation or claims arising from Plaintiff's employment or other contacts with Defendant, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised in these actions, except as otherwise specified above.

5. Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendant or any of Defendant's past or present employees, officers, agents or representatives concerning any matter related to the same claims or issues he raised in the above-styled action or his employment or other contacts with Defendant of which he knew or should have known as of the date on which he signed this Stipulation.

6. Plaintiff acknowledges that he has read this entire Stipulation, that he understands all of its terms and conditions, and that he is freely and voluntarily entering into this Stipulation. Plaintiff further acknowledges that he has been represented in settlement negotiations by his

4

undersigned attorneys, and that Plaintiff's attorneys have reviewed and explained the provisions of this Stipulation to Plaintiff's satisfaction, and that Defendant has provided reasonable and sufficient time for this purpose.

7. Execution of this Stipulation of Settlement shall not constitute a finding by the Court or an admission by the Defendant that Defendant, Defendant's agents, servants, or employees violated any laws or regulations as alleged in the complaint, or that there was any wrongful conduct whatsoever.

8. Execution of this Stipulation of Settlement by Plaintiff's counsel and counsel for the Defendant shall constitute a dismissal of this action with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

9. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

10. The Parties agree that a facsimile of the signatures of the parties and counsel will be the same as the original.

11. This Stipulation has been reviewed and approved by the Executive Director of the Office of Compliance, as required by § 414 of the Congressional Accountability Act.

12. The Court shall retain jurisdiction to enforce the terms of this Stipulation and to conduct such further proceedings and award relief as may be necessary to resolve any breach of this Agreement by any of the Parties.

13. Each party agrees to make good faith efforts to resolve any dispute arising from or regarding this settlement agreement prior to bringing it to the Court's attention. Should either party at any time believe that the other party is in breach of this settlement agreement, prior to bringing the matter to the Court's attention, that party shall notify the other party in writing of the

5

particular section of this settlement agreement that has allegedly been breached and the action(s) that constitute the breach. The other party shall then have thirty (30) days to respond to such claims prior to the injured party's bringing the alleged breach to the attention of the Court.

14. This Stipulation shall become effective upon the Court's entry of this Stipulation and at that time shall be the final expression of the parties' voluntary, full, final, and complete settlement agreement.

15. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against the United States government, except in an action alleging breach of this Agreement.

16. The Parties understand that this Stipulation contains the entire agreement between Plaintiff and Defendant; that no promise or inducement has been made except as set forth herein; and that no representations, oral or otherwise, between Plaintiff and Defendant, or their respective counsel, not included herein shall be of any force and effect.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, through their respective counsel of record, have stipulated and agreed to the foregoing.

Respectfully submitted,

_____
ALBERT WAYNE TASKER
Plaintiff

_____
LESLIE ALDERMAN, III (D.C. BAR
(D.C. BAR #477750)
Alderman and Devorsetz
1025 Connecticut Ave, N.W.
Washington, D.C. 20036
(202) 969-8220
*Attorneys for Plaintiff*

_____
JEFFREY A. TAYLOR (D.C. Bar #498610)
United States Attorney

_____
RUDOLPH CONTRERAS (D.C. BAR #434122)
Assistant United States Attorney

_____
MICHELLE N. JOHNSON (D.C. BAR #491910)
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, DC 20530
(202) 514-7139
*Attorneys for Defendant*

_____
TAMARA CHRISLER
Executive Director
Office of Compliance

SO ORDERED this ___ day of _____, 2008.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge